IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, )
 )
       Plaintiff, )
 )
vs. ) Civil Action No. 08-273
 )
LARRY L. STULER, )
 )
       Defendant. )

O R D E R

AND NOW, this _11th_ day of February, 2009, upon consideration of Plaintiff/Counter-Defendant United States of America's "Motion to Dismiss Counterclaims Pursuant to Rule 12(b)(1)" and memorandum of law in support thereof (Document No. 6), filed in the above captioned matter on July 14, 2008, and upon further consideration of Defendant/Counter-Plaintiff Larry Stuler's responses thereto (Document Nos. 13, 14 and 20),[1]

IT IS HEREBY ORDERED that said Motion is GRANTED and the counterclaims raised by Defendant/Counter-Plaintiff Stuler in his "Counterclaim for Lack of Jurisdiction, Fraud, and Extortion" (Document No. 5) are dismissed in their entirety.

---

[1] Although, for the reasons discussed below, the Court is denying Defendant/Counter-Plaintiff Stuler's motion to strike the United States' motion to dismiss his counterclaims, it has considered the arguments raised therein in resolving the government's motion to dismiss.

1

AND, further, upon consideration of "Counter Claimant's Motion to Strike United States' Motion to Dismiss Counterclaims" (Document No. 13) and memorandum of law in support thereof (Document No. 14), filed by Defendant/Counter-Plaintiff Stuler in the above captioned matter on August 8, 2008, and upon further consideration of Plaintiff/Counter-Defendant United States of America's response thereto (Document No. 19), and the Defendant/Counter-Plaintiff's sur-reply (Document No. 20),

IT IS HEREBY ORDERED that said Motion is DENIED.

I. **Background**

In this action, the United States[2] filed suit against Stuler for the purpose of reducing to judgment federal tax assessments and foreclosing its federal tax liens against Stuler's property.[3] In answering this complaint, Stuler raised a host of counterclaims against the United States regarding what he refers to as fraud due to lack of jurisdiction. He sets forth five counts, all of which appear to be interrelated, in which he alleges that, as part of this fraud, the United States falsely indicted, arraigned,

---

[2] For the sake of clarity, the Court will refer to Plaintiff/Counter-Defendant United States of America as the United States and Defendant/Counter-Plaintiff Larry Stuler as Stuler.

[3] While Washington County and the Pennsylvania Department of Revenue were named as defendants because each may claim an interest in the real property at issue in this case, the United States has already taken default judgment against each of these defendants.

tried, convicted, and imprisoned him in Case No. CR 01-35, extorted by levies over $500,000 from him since 2001, placed unjust liens against his property since 2001, and informed the Commonwealth of Pennsylvania and City of Washington that he has income subject to their respective revenue collection jurisdictions. He seeks various forms of declaratory and injunctive relief and damages in excess of $5 million.

The United States asks this Court to dismiss these claims pursuant to Federal Rule of Civil Procedure 12(b)(1). While the Court need not address all of the arguments raised by the United States in this case, it will address those pertinent to its analysis of the counterclaims below.

## II.     Standard

The United States contends that this Court is without jurisdiction to hear Stuler's counterclaims because he has failed to establish that the United States has waived its sovereign immunity as to those claims. Thus, the United States asks this Court to dismiss Stuler's claims pursuant to Rule 12(b)(1). See Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995)(district court should dismiss complaint for want of subject matter jurisdiction where dismissal is based upon finding that the United States has not waived its sovereign immunity); Broussard v. United States, 989 F.2d 171, 177 (5th Cir. 1993) (same).

3

Challenges to subject matter jurisdiction under Rule 12(b)(1) may be "facial" or "factual." Petruska v. Gannon University, 462 F.3d 294, 302 n.3 (3d Cir. 2006); Turicentro, S.A. v. American Airlines, Inc., 303 F.3d 293, 300 n.4 (3d Cir. 2002). Facial challenges contest the sufficiency of the pleadings, and a trial court must, in such cases, accept the complaint's allegations as true. See Petruska, 462 F.3d at 302 n.3; Turicentro, 303 F.3d at 300 n.4. On the other hand, a trial court considering a factual attack on jurisdiction is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In so doing, the court assigns no presumption of truth to the allegations in the complaint, and the court has the discretion to allow affidavits, documents, and even limited evidentiary hearings. See Petruska, 462 F.3d at 302 n.3; Turicentro, 303 F.3d at 300 n.4.

Here, although the United States styles its attack on jurisdiction as a factual challenge, what is actually at issue is whether sovereign immunity has been waived for the type of action brought by Stuler. Since it is apparent from the pleadings that Stuler's counterclaims are barred by sovereign immunity, and since the Court need not resolve any issues of disputed fact to make this determination, it will consider this to be a facial challenge to subject matter jurisdiction.

When jurisdiction is challenged under Rule 12(b)(1), the burden is on the plaintiff to prove that the court has jurisdiction.

4

See Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)). Of course, as stated, in a facial challenge to jurisdiction, the Court must accept as true all allegations and consider those allegations in the light most favorable to the plaintiff, so Stuler has no burden to come forward with evidence regarding any particular facts. However, Stuler must prove "an unequivocal waiver of immunity." Williams, 50 F.3d at 304 (citing Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983)). Regardless, in any event, and regardless of whether the burden is on Stuler or the United States, as a matter of law, this Court has no subject matter jurisdiction in this case.

### III. Discussion

Before addressing the issues in this case, it is important to note that Stuler raised very similar claims which the Court dismissed in another civil matter, Case No. 07-642. In that case, Defendant sought essentially the same declaratory, injunctive, and monetary relief for alleged improper Internal Revenue Service ("IRS") actions, wrongful levies, and wrongful liens. However, he brought the claims in that case under specific statutes and/or recognized causes of action, including the Declaratory Judgment Act, 26 U.S.C. §§ 7426, 7432, 7433, 28 U.S.C. § 2410, 42 U.S.C. §§ 1983 and 1985, and the savings clause of Federal Rule of Civil Procedure

60(b). Probably because he realizes that the Court has already dismissed these claims under the theories set forth above, in this case, he tries to raise them in a different light - according to paragraph 2 of his counterclaims and his responses to the motion to dismiss, he is raising a constitutional issue pursuant to 28 U.S.C. § 1331, and not a claim under any of the various statutes upon which he previously relied.[4]

Of course, the reality is that the counterclaims are merely another in a long line of attempts by Stuler to collaterally attack his criminal conviction at CR 01-35. Nonetheless, the Court is mindful that Stuler has brought his Complaint pro se. Pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Department of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999). However, even a pro se plaintiff must be able to prove a "set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 520-21 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

As noted, Stuler has very explicitly indicated that his counterclaims are premised on what he believes is the unconstitutionality of the Internal Revenue Code and the "internal

---

[4] Although Stuler also invoked 28 U.S.C. § 1346 in paragraph 2, he acknowledges in his responses that it is Section 1331 upon which he is relying. Regardless, generally referencing Section 1346 would not change the analysis herein.

duties" and collection thereof by assessors and collectors. He seeks for this Court to rule on the constitutionality of the Act of Congress approved on March 3, 1791 and to issue various forms of injunctive and monetary relief. However, this Court has no jurisdiction to consider this claim because the claim is barred by the doctrine of sovereign immunity.

It is axiomatic that, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). Any suit against the United States or its agencies, including the IRS, therefore, must be within the boundaries consented to by the United States. A waiver of immunity must be "unequivocally expressed" and is construed strictly in favor of the sovereign. Clinton County Commissioners v. United States Environmental Protection Agency, 116 F.3d 1018, 1021 (3d Cir. 1997). See also United States v. Bein, 214 F.3d 408, 412 (3d Cir. 2000) ("It is a fundamental principle of sovereign immunity that federal courts do not have jurisdiction over suits against the United States unless Congress, via a statute, expressly and unequivocally waives the United States' immunity to suit."). "[W]hen the plaintiff seeks to sue the United States or an instrumentality thereof, he may not rely on the general federal question jurisdiction of 28 U.S.C. § 1331, but must identify a specific statutory provision that waives the government's sovereign immunity from suit." Clinton County Commissioners, 116 F.3d at 1021

7

(citing United States v. Sherwood, 312 U.S. 584, 586 (1941)). See also Berman v. United States, 264 F.3d 16, 20 (1st Cir. 2001); Getrost v. United States, 993 F.2d 882 (9th Cir. 1993). "Sovereign immunity is jurisdictional in nature." Meyer, 510 U.S. at 475.

Here, Stuler expressly relies solely on Section 1331 as the basis for bringing his counterclaims. As noted above, this is simply not sufficient to establish a waiver of sovereign immunity. Likewise, the mere fact that he brings constitutional challenges does not waive sovereign immunity. See Mierzwa v. United States, 282 Fed. Appx. 973, 976-77 (3d Cir. 2008)("Neither the United States nor its agencies have waived sovereign immunity for constitutional claims."); Wheeler v. Baugh, 2002 WL 373461, at *3 (W.D. Pa. Jan. 29, 2002); Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir. 1985). Indeed, far from waiving sovereign immunity, the federal government has expressly created specific limitations on its right to be sued in tax cases. Except as provided specifically by statute, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Likewise, the United States is expressly immune from declaratory and injunctive relief with respect to all tax controversies except those pertaining to the classification of organizations. See 28 U.S.C. § 2201(a); Murphy v. IRS, 493 F.3d 170, 174 (D.C. Cir. 2007); Connor v. United States,

2005 WL 3817670 (D. Del. Dec. 13, 2005). Plaintiff has not raised his claims under any of these exceptions.[5]

Accordingly, since Stuler has not and cannot establish a waiver of immunity as to any of the counterclaims, all of which he expressly indicates rely on alleged constitutional violations, this Court has no jurisdiction to consider his claims. Further, since it is obvious that the United States' motion to dismiss does not set forth an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter, Stuler's motion to strike the government's motion pursuant to Federal Rule of Civil Procedure 12(f) is denied.[6]

## IV. Conclusion

For all the reasons set forth herein, the United States' motion to dismiss is granted, and all counterclaims are dismissed for want of subject matter jurisdiction. The Court further notes that Stuler has not sought to amend his counterclaims to cure any of

---

[5] Stuler has also not raised his counterclaims pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), but even if he had, his causes of action must be dismissed because the United States and federal agencies are not persons subject to liability under Bivens. See Hindes v. FDIC, 137 F.3d 148, 158 (3d Cir. 1998); Meyer, 510 U.S. at 484-86.

[6] As to Stuler's claims that the United States did not raise the issue of subject matter jurisdiction in a timely manner, the Court notes that subject matter jurisdiction can be challenged at any point before final judgment. See In re: Kaiser Group International, Inc., 399 F.3d 558, 565 (3d Cir. 2005).

9

the deficiencies, and, in any event, amendment would be futile based on the express nature of Stuler's claims. See Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

*[signature]*
United States District Judge
(For Judge Alan N. Bloch)

ecf:    Counsel of record

cc:    Larry L. Stuler
      565 Addison Street
      Washington, PA 15601