IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )
                                    )
      v.                            )          Civil No. 08-cv-00273 (ANB)
                                    )
LARRY L. STULER, et al.,            )
                                    )
            Defendants.             )
                                    )
                                    )
                                    )

FILED
2009 JUN 17 PH 3:0
CLERK
U S DISTRICT COURT

## DEFENDANT'S REPLY TO UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## SUMMARY

Plaintiff's complaint seeks to reduce to judgment alleged federal tax assessments and foreclosing its alleged federal tax liens against the parcel of real estate identified at paragraph 18 of the complaint. The alleged tax assessments (taxes, penalties, and interest) are for the tax periods set forth at paragraph 10 of the complaint. The said tax periods are for the years 1994 through 2001. Defendant had fulfilled the requirements of revocation pursuant to Title 26 U.S.C. §936(e)(2)(B) on or about July 20, 1990, and so the United States of America, and its collection bureau, The Internal Revenue Service, had no jurisdiction to assess any federal income tax subsequent to that date. On May 13, 2009, the plaintiff and the defendant both filed motions for summary judgment (with supporting documents) in the above captioned case pursuant to the order of the court of January 29, 2009. The plaintiff and the defendant both filed responses in opposition to the respective motions for summary judgment on June 2, 2009, pursuant to the order of

the court of May 18, 2009.  Pursuant to Local Rule 56.1D the defendant now replies with

this brief in opposition to plaintiff's response to defendant's motion for summary

judgment because the plaintiff is attempting to obfuscate the underlying requirements of

revenue from importing within the internal revenue laws.

(The defendant requests this Court to construe this instant Defendant's Reply to United

States' Response to Defendant's Motion For Summary Judgment and its supporting documents

pursuant to the dictates and standards enunciated by the Supreme Court in *Haines v. Kerner*, 404

US 519 (1972), which requires liberal construction of all Pro Se' filings.)

## LAW AND ARGUMENT

I.      Section 936 of the Internal Revenue Code (26 U.S.C.) is applicable and essential

The government is either ignorant of the law, or more likely, trying to convince the court

that the simple act of the defendant's earning income is a taxable event under the internal

revenue laws.  The statute at 28 U.S.C., "Judiciary and Judicial Procedure", Chapter 85, "District

Courts; Jurisdiction", §1340, "Internal revenue; customs duties" is based upon revenue from the

collection of duties on imports.  The court may only entertain internal revenue cases based upon

federal income tax after establishing evidence that the defendant had some connection with the

collection of revenue from importing within the jurisdiction of the internal revenue laws.

The defendant is not required to explain the law to the government.  Defendant has

succinctly and concisely stated his sound, legal defense in his motion for summary judgment.

However, due to the government's refusal to abide by the law in the underlying complaint, and

the obtuse reasoning in the United States' Response to Defendant's Motion for Summary

Judgment, it is incumbent upon the defendant to more fully develop the underlying law herein.

A.    Establishment of internal duties; jurisdiction of internal revenue

The first "internal duty" was imposed by the Act of Congress approved on March 3,

1791, wherein Americans were subject to a tax on stills and distillates.  In Section 2 of this Act it

states the following:

> "And be it further enacted, That the said duties shall be collected in the
> same manner, by the same persons, under the same regulations, and
> subject to the same forfeitures and other penalties, as those heretofore laid;
> the act concerning which shall be deemed to be in full force for the
> collection of the duties herein before imposed, except as to the alterations
> contained in this act.".

The Act just referenced within Section 2 above was stated within Section 1 as

"An act making further provision for the payment of the debts of the United States"

which was approved on August 10, 1790.  This Act in turn immediately references a

previous Act, "An Act for laying a Duty on Goods, Wares, and Merchandise imported

into the United States" which was approved on July 4, 1789.   This was the second Act

approved by the First Congress.  The third Act of the First Congress was "An Act

imposing Duties on Tonnage." which was approved on July 20, 1789.  The second and

third Acts approved by the First Congress just mentioned simply laid the various duties -

these Acts do not deal with the collection of the duties.  The fifth Act of the First

Congress is "An Act to regulate the Collection of the Duties imposed by law on the

tonnage of ships or vessels, and on goods, wares and merchandise imported into the

United States" which was approved July 31, 1789.  Section 9 of said Act reads, in part, as

follows:

> "And be it further enacted, That the collectors, naval officers, and
> surveyors, to be appointed by virtue of this act, shall respectively keep fair
> and true accounts of all their transactions relative to their duties as officers
> of the customs,…".

3

After referencing back to the second, third, and fifth Acts approved by the First Congress it is stated that the collectors and other officers appointed to collect the various duties imposed by Congress are within the customs, today's Customs Service. Thus Section 2 of the Act that imposed the first "internal duties" has stated that the collection of these "internal duties" will be collected by the customs.

The index to Title 19 U.S.C. "Customs Duties" lists several references to internal revenue. The sections listed are Title 19 U.S.C. §1309, §1311, §1753, and §1754. Within the first statute listed, Title 19 U.S.C. §1309, is a citation to another statute with a reference concerning internal revenue, that being Title 19 U.S.C. §1317. This section reads, in part, as follows:

> "The shipment or delivery of manufactured tobacco, snuff, cigars, or cigarettes, for consumption beyond the jurisdiction of the internal-revenue laws of the United States, as defined by section 2197(a) of title 26...".

The cite to section 2197(a) above is to the 1939 Internal Revenue Code. Title 26 U.S.C. §2197(a) of the 1939 Code reads as follows:

> §2197   Territorial extent of law
>
> (a) In general. The internal revenue laws imposing taxes on tobacco, snuff, cigars, or cigarettes shall be held to extend to such articles produced anywhere within the exterior boundaries of the United States, whether the same be within a collection district or not.
>
> (b) Exportation free of internal revenue tax. The shipment or delivery of manufactured tobacco, snuff, cigars, cigarettes, or cigarette papers or tubes for consumption beyond the jurisdiction of the internal revenue laws of the United States, as defined by subsection (a), shall be deemed exportation within the meaning of the internal revenue laws applicable to the exportation of such articles without payment of internal revenue tax.

4

Subsection (b) above states that the jurisdiction of the internal revenue laws is defined by subsection (a) just as Title 19 U.S.C. Section 1317 stated before. The definition of the jurisdiction of the internal revenue laws is therefore "within the exterior boundaries of the United States", which is the opposite of "within the interior boundaries of the United States". In other words, the area under the jurisdiction of the federal government outside the States is the area under the jurisdiction of the internal revenue laws - the possessions and territories of the United States.

At 26 U.S.C. §2208 and §2501(b) are the definitions of the term "United States citizen" "wherever used in this title". The regulations under 26 C.F.R. 25.2501-1(c) exemplify what a "U.S. citizen" is and reference back to 26 U.S.C. §2501(b). For one to be a "U.S. citizen" one must be born in one of the States and then establish a residence in a U.S. possession and further acquire U.S. possession citizenship. The possessions are under the jurisdiction of the federal government and citizens of the U.S. possessions are therefore under the jurisdiction of the federal government. The government has used the 14th Amendment to create the "U.S. citizen" as exemplified at 26 C.F.R. 25.2501-1(c). This has allowed the government to create case law that distinguishes between possession citizens and "U.S. citizens".

Within the Table of Contents of the Internal Revenue Code is Chapter 78, "Discovery of Liability and Enforcement of Title.". Within this chapter are the following subchapters:

Subchapter A - Examination and Inspection
Subchapter B - General Powers and Duties
[Subchapter C - Repealed]
Subchapter D - Possessions

The first two subchapters, "Examination and Inspection" and "General

5

Powers and Duties" have to do with "Enforcement of Title." Since subchapter C has

been repealed, that leaves only "Possessions" for "Discovery of Liability."

There are five sections within Subchapter D, "Possessions."

*26 USC* Sec. *7651*  Administration and collection of taxes in
                     possessions
*26 USC* Sec. *7652*  Shipments to the United States
*26 USC* Sec. *7653*  Shipments from the United States
*26 USC* Sec. *7654*  Coordination of United States and certain
                     possession individual income taxes
*26 USC* Sec. *7655*  Cross references

The last section above follows:

*26 USC* Sec. *7655* Cross references

(a) Imposition of tax in possessions
    For provisions imposing tax in possessions, see -
    (1) Chapter 2, relating to self- employment tax;
    (2) Chapter 21, relating to the tax under the Federal
        Insurance Contributions Act.

This statute states that self-employment tax and F.I.C.A. are possession taxes.

The following statute evidences that customs law is applicable to internal

revenue:

26 U.S.C. Sec. 7327.  Customs laws applicable
"The provisions of law applicable to the remission or mitigation by
the Secretary of forfeitures under the customs laws shall apply to
forfeitures incurred or alleged to have been incurred under the
internal revenue laws."

B.    Federal employment taxes

F.I.C.A., Railroad Retirement Tax, Federal Unemployment Tax, and Withholding

under Subtitle C of Title 26 are all federal employment taxes - they only apply to federal

employees.

Under 26 U.S.C. §7701, "Definitions", is the following:

6

(j) Tax treatment of Federal Thrift Savings Fund
    (1) In general
       For purposes of this title…
    (4) Definitions
       For purposes of this subsection, the terms "Member",
       "employee", and "Thrift Savings Fund" shall have the same
       respective meanings as when used in subchapter III of chapter
       84 of title 5, United States Code.

This section states that for purposes of this title the term "employee" has the same meaning as in Title 5, "Government Organizations and Employees". Therefore, "employee" is a term and it means government employee.

Part 2 of the CFR of Title 26 is "Maritime Construction Reserve Fund". Within the first section is the following:

"26 C.F.R. Sec. 2.1(m)  The terms used in this section shall have the same meaning as in chapter 1 of the Internal Revenue Code."

The definitions section reads, in part, as follows:

26 C.F.R. Sec. 2.1-1  Definitions
    (a) As used in the regulations in this part, except as
       otherwise expressly provided –
       (1) Act means the Merchant Marine Act, 1936, as
          amended (46 U.S.C. 27).
       (2) Section means one of the sections of the
          regulations in this part.
       (5) Taxpayer means a citizen who has established
          or seeks to establish a construction reserve fund
          under the provisions of section 511 of the Act
          and the regulations in this part, and may include
          a partnership

Therefore, pursuant to 26 C.F.R. 2.1(m), this is the definition of "taxpayer" in chapter 1 which has to do with income taxes. Thus a "taxpayer" is a federal employee, specifically within the Merchant Marine.

More confirmation of the term "employee" meaning "federal employee" is found in the Tables of Parallel Authorities. Title 20 of the Code of Federal Regulations is

Employees (Federal Employees).  20 CFR implements Earned Income Credit, Federal Unemployment Tax, and several other sections of Title 26.  In addition, 20 CFR implements Social Security in Title 42.  (See Parallel Table of Authorities)

The Public Salary Tax Act of 1939 was approved within two months after the Code was passed into law.  This was passed to allow multiple taxing authorities to tax federal employees, specifically F.I.C.A.  Under Title 4 U.S.C. §111, "Same, taxation affecting federal employees; income tax", the federal government consents to the taxation of federal employees.  Under the notes after this section it states the following:

> "The Puerto Rican Legislature is a "duly constituted taxing authority", within meaning of this section, whereby the United States consented to the taxation of compensation of federal employees".

C.     The American employer

It is under 26 U.S.C. §3121(l), "Agreements entered into by American employers with respect to foreign affiliates", where the connection from an American to the I.R.S. is made.  An American employer is defined at 26 U.S.C. §3121(h) as the United States or any instrumentality thereof, an individual who is a resident of the United States, a partnership (if two-thirds or more of the partners are residents of the United States), a trust (if all the trustees are residents of the United States), or a corporation organized under the laws of the United States or of any State.  Note the need to be a "resident", except for the U.S. government and any instrumentality thereof.  The definition of "resident" below includes a corporation as well.

26 U.S.C. Sec. 865 defines "U.S. resident" as follows:

> *26 USC* Sec. *865*  Source rules for personal property sales
> (g) United States resident; nonresident
> For purposes of this section -
> (1)  In general

Except as otherwise provided in this subsection -
(A) United States resident
The term "United States resident" means -
(i) any individual who -
(I) is a United States citizen or a resident alien and does not have a tax home (as defined in section 911(d)(3)) in a foreign country, or
(II) is a nonresident alien and has a tax home (as so defined) in the United States, and
(ii) any corporation, trust, or estate which is a United States person (as defined in section 7701(a)(30)).

It is the definition of the term "resident" that includes both the definitions of the terms "U.S. citizen" and "taxpayer". For one to be subject to F.I.C.A., which is both a possession tax and a federal employment tax, one would be considered a "resident".

The regulations under 26 U.S.C. §3121(l) at 26 C.F.R.31.3121(l) direct to part 36. At 26 C.F.R. 36.3121(l)-0 it states that an American employer may enter into an agreement with the Internal Revenue Service basically to extend insurance coverage established by Title II of the Social Security Act to employees of a foreign subsidiary of the American employer. This concerns a domestic corporation, the American employer, that owns a foreign corporation.

The definition of self-employment income is found at 26 U.S.C. §1402(b):

*26 USC Sec. 1402* Definitions
(b) Self-employment income
The term "self-employment income" means the net earnings from self-employment derived by an individual (other than a nonresident alien individual, except as

provided by an agreement under section 233 of the
Social Security Act) during any taxable year; except that
such term shall not include -

    (1) in the case of the tax imposed by section
        1401(a), that part of the net earnings from self-
        employment which is in excess of (i) an amount
        equal to the contribution and benefit base (as
        determined under section 230 of the Social
        Security Act) which is effective for the calendar
        year in which such taxable year begins, minus
        (ii) the amount of the wages paid to such
        individual during such taxable years; or
    (2) the net earnings from self-employment, if such
        net earnings for the taxable year are less than
        $400.

For purposes of paragraph (1), the term "wages" (A) includes such
remuneration paid to an employee for services included under an
agreement entered into pursuant to the provisions of section
3121(l) (relating to coverage of citizens of the United States who
are employees of foreign affiliates of American employers), as
would be wages under section 3121(a) if such services constituted
employment under section 3121(b), and (B) includes compensation
which is subject to the tax imposed by section 3201 or 3211.

The definition of self-employment income is also found at Title 42 U.S.C. §

411(b) and is similar, but does not include the last paragraph above from Title 26 U.S.C.

§ 1402 that adds remuneration for services under the provisions of §3121(l) and

compensation under §3201 or §3211 into the determination of "wages".

The reason that Title 42 does not include this last paragraph is that self-

employment tax is a possession tax and Title 42 defines self-employment as applies in the

possessions. Title 26 includes the last paragraph because it applies to "U.S. citizens"

residing in the sovereign States.

Title 26 U.S.C. chapter 21 is titled "Federal Insurance Contributions Act". This

chapter spans the numerical sections in the 3100's of the current Internal Revenue Code.

Chapter 22 is titled "Railroad Retirement Tax Act" and it spans the numerical sections in

the 3200's. These chapters are in Subchapter C – "Employment Taxes and Collection of Income Tax". Chapter 9 under Subtitle B ("Miscellaneous Taxes") of the 1939 Code is entitled "Employment Taxes". The 1400's (section numbers) of the 1939 Code are titled "Others than Carriers" and correspond to the 1986 version 3100's (section numbers) – F.I.C.A. The 1500's (section numbers) of the 1939 Code are titled "Employment by Carriers" and correspond to the 1986 version 3200's (section numbers) – Railroad Retirement. So "Carriers" correspond to the railroads. A few notes from the 1939 Code specify exactly what "Others than Carriers" are. The first note below is from the 1939 note under "Subchapter B – Employment by Carriers":

> "Coal-mining employees of railroads, transfer of social insurance and labor relations coverage to laws applicable to coal mining generally from laws applicable to railroad industry by Act Aug. 13, 1940, see note set out under this chapter preceding section 1400."

The following is part of the note referenced from the above note:

> "whether conducted directly by carriers or by subsidiaries of carriers, should for purposes of a social-insurance program and for purposes of labor relations be covered by the system of laws applicable to coal-mining generally rather than the system of laws applicable to the railroad industry."

The Act of Aug.13, 1940, supra, evidences that coal mining operations having a railroad from the tipple to the mine entrance would be considered under the coal mining laws. In other words, the railroad retirement act becomes F.I.C.A. when the railroad is on a coal mine from the tipple to the mine entrance.

Since F.I.C.A. is the same as the Railroad Retirement Act, this explains the reason for the inclusion of both remuneration paid under an agreement pursuant to 26 §3121(l) and compensation subject to the tax imposed by §3201 or §3211 in the last paragraph of the definition of self-employment income in Title 26 as opposed to the definition of self-

employment income in Title 42, supra.

An "American employer" is exactly what it says it is - an employer of Americans. Under the definition of employment at 26 U.S.C. §3121(b), "Employment", the definition of citizen and resident is overridden for the purpose of including Americans as follows:

> "For purposes of this chapter, the term "employment" means any service, of whatever nature, performed (A) by the employee for the person employing him, irrespective of the citizenship or residence of either,..."

D.    The Income Tax

The Act of Congress approved on August 5, 1861, initiated the income tax in sections 49, 50, and 51. Section 49 implemented the income tax. Section 50 cited the individuals to whom the income tax applied - assessors and collectors of internal duties, as well as other government officials. Section 51 described the return and the granted the government the power to collect these taxes, including the power to levy.

The Sixteenth Amendment was ratified to impose the income tax. In *Brushaber v. Union Pacific R.R. Co.* in the year 1916, the 16th Amendment was declared to be constitutional and Mr. Frank Brushaber was required to file an income tax return. Mr. Brushaber was a withholding agent for foreign investors in the Union Pacific Railroad Company. This is the Supreme Court decision that the Internal Revenue Service cites to claim that the 16th Amendment has been ruled to be constitutional. In the *Stanton* decision, rendered immediately after the *Brushaber* decision, it was held that the 16th Amendment conferred no new taxing power and that the Congress always had the power to tax income. This is absolutely true since the income tax was approved by Congress in the Act of August 5, 1861, and applies to assessors and collectors of internal duties.

The Treasury Department of the United States issued Treasury Decision

2313 (TD 2313) after the Supreme Court ruled on the *Brushaber* case in the year 1916. TD 2313 clarifies that the I.R.S. Form 1040 individual income tax return is to be used only by the fiduciary of a nonresident alien who has received interest from bonds and dividends on the stock of domestic (US) corporations on behalf of that nonresident alien. This decision was issued to "collectors of internal revenue". Since Mr. Frank Brushaber had been a fiduciary of foreign investors, he was required to file an income tax return.

E.      The Agreement Entered into by American Employers
        pursuant to 26 C.F.R.36.3121-0 et seq.

The American employer is considered a domestic corporation for the purposes of the regulations under the agreement established pursuant to 26 C.F.R. 36.3121-0 et seq.

The definition of "taxpayer" at 26 C.F.R. 2.1-1(a)(5), supra, states that it means that a citizen has established a construction reserve fund under the provisions of section 511 of the Merchant Marine Act. Section 511 of the Merchant Marine Act sets up the provisions of what is known as a controlled corporation. The "taxpayer" definition also states that a "taxpayer" may be a partnership.

The definitions of "net earnings from self-employment" at both 26 U.S.C. §1402 and 42 U.S.C. §411 state that this includes a distributive share (whether or not distributed) of the ordinary net income or loss, as computed under section 702(a)(8) of the Internal Revenue Code, from any trade or business carried on by a partnership of which that person is a member.

When a sovereign American applies for a Social Security number on the Form SS-5, he has unwittingly become an employee for the foreign subsidiary of an "American employer", which itself is a partnership. A "taxpayer" is a federal employee under the provisions of the Merchant Marine Act of 1936. The Social Security number is

13

the partner's identification number within the partnership.  The regulations under the self-employment statute, 26 U.S.C. §1402, supra, allow for a partnership to be treated as a corporation without affecting the self-employment directive in the statute concerning the distributive share of the partner.  This is found at 26 C.F.R. 1.1402 (a)-2(g).

26 U.S.C. §7654, "Coordination of United States and certain possession individual income taxes", supra, under subsection (e) cites to 26 U.S.C. §932 and 26 U.S.C. §931.   26 U.S.C. §932(a), "Treatment of United States residents", is the entry point in the Internal Revenue Code for "U.S. residents".

Title 26 U.S.C. §932 is limited by §934.  Title 26 U.S.C. §934, in turn, cites to 26 U.S.C. §958 (§934 also cites to Title 48 "Territories and Insular Possessions", as well, where it leads to the indictment process within the Virgin Islands for income taxes).  Below is a selected part of §958:

> (b) Constructive ownership
> For purposes of sections 951(b), 954(d)(3), 956(c)(2), and 957, section 318(a) (relating to constructive ownership of stock) shall apply to the extent that the effect is to treat any United States person as a United States shareholder within the meaning of section 951(b), to treat a person as a related person within the meaning of section 954(d)(3), to treat the stock of a domestic corporation as owned by a United States shareholder of the controlled foreign corporation for purposes of section 956(c)(2), or to treat a foreign corporation as a controlled foreign corporation under section 957, except that - ...
>> (3) In applying subparagraph (C) of section 318(a)(2), the phrase "10 percent" shall be substituted for the phrase "50 percent" used in subparagraph (C).

Within §958(b) a United States person is treated as a "United States shareholder" as defined in §951(b).  A "United States citizen" or a "United States resident" is a "United States person."  (See Title 26 U.S.C. §7701(a)(30)).  Also within

§958(b) is the provision to treat the stock of a domestic corporation as owned by a "United States shareholder" of the controlled foreign corporation, and the provision to treat a foreign corporation as a controlled corporation.

Section 958 and the sections referenced from 26 §958(b) - §951, §954, §956, and §957 - are all within "Subpart F - Controlled Foreign Corporations" of Part III of Subchapter N. The nature of a controlled corporation is defined in Section 511 of the Merchant Marine Act of 1936 as referenced within the definition of "taxpayer".

There must be an underlying basis of importing for the Internal Revenue Laws to confer jurisdiction to the courts. The basis of the dividend are the income taxes paid by the controlled foreign corporation. Under Title 26 U.S.C. §902 a domestic corporation that owns part of a foreign corporation is deemed to have paid a percentage of the foreign corporation's income taxes. As evidenced above, income taxes are paid by collectors of internal duties. The foreign controlled corporation has been involved in shipping within the jurisdiction of the internal revenue laws, coastwise trade. Then under Title 26 U.S.C. §960 if the domestic corporation has included earnings of the foreign corporation, then that amount is deemed a dividend paid to the domestic corporation. This domestic corporation is the partnership under the self-employment statutes, so the partners have received a dividend. This undistributed dividend to each partner constitutes the necessary legal requirement to file an I.R.S. Form 1040 under Treasury Decision 2313, since the dividend is based upon income taxes paid. Filing an I.R.S. Form 1040 is declaring said self-employment income (in the Virgin Islands) and offsetting that income with a foreign tax credit (F.I.C.A.). This filing is registered as a TC-150 Code in the individual's master file maintained by the I.R.S. It is this self-employment income and the offsetting foreign

15

tax credit that is the basis used within Title 26 USC §901, "Taxes of foreign countries and of possessions of United States". Under 26 §901(m), "Cross references" is the following:

> (2) For right of each partner to make election under this section, see section 703(b).

The undistributed dividend that was included in the definition of self-employment income (cited earlier) is from the partnership that owns a controlled foreign corporation, so the election from Title 26 U.S.C. §962 now applies. The section heading follows:

> 26 USC Sec. 962  Election by individuals to be subject to tax at corporate rates

The regulations from the C.F.R. under this statute now apply the corporate tax rates on the shareholder's dividend. The regulations at 26 C.F.R.1.962-1(b)(2)(i) reference to §904 and §960(a)(1). The regulations under 26 C.F.R. 1.962-1(b)(2)(ii) direct that the term "domestic corporation" as used in §960(a)(1) and §78, and that the term "corporation" as used in §901, shall be treated as referring to such shareholder. The regulations under 26 C.F.R. 1.962-1(b)(2)(iii) concern "carryback and carryover" taxes and, as well, reference §904 and §960(a)(1).

26 U.S.C. §901 is limited by 26 U.S.C. §904 which is "Limitation on credit". 26 U.S.C. §960 is "Special rules for foreign tax credit". 26 U.S.C. §78 is "Dividends received from certain foreign corporations by domestic corporations choosing foreign tax credit". These are the key sections that are behind the filing of an I.R.S. Form 1040.

It is this self-employment income and the offsetting foreign tax credit that is the basis used within Title 26 USC §901. Since the regulations under 26 CFR 1.962-1(b)(2)(ii), supra, state that for the purposes of applying §960(a)(1) the term

"corporation" as used in §901 shall refer to the "shareholder", this section now applies to "U.S. shareholders". Under 26 §901(m), "Cross references" is the following:

> (2) For right of each partner to make election under this section, see section 703(b).

As cited above, section 901, is cross-referenced to §703(b) from §901(m)(2), which allows a partner to elect to use section §901. Within 26 U.S.C. §901, "Taxes of foreign countries and of possessions of United States", at §901(g), "Certain taxes paid with respect to distributions from possessions corporations", is the following:

> (2) Possession corporation
>
> For purposes of paragraph (1), a corporation shall be treated as a possessions corporation for any period during which an election under section 936 applied to such corporation, during which section 931 (as in effect on the day before the date of the enactment of the Tax Reform Act of 1976) applied to such corporation, or during which section 957(c) (as in effect on the day before the date of the enactment of the Tax Reform Act of 1986) applied to such corporation.

26 U.S.C. §904, "Limitation on credit", supra, limits section 901. Section 936 is referenced within the following subsections of §904 at (b)(4), (f)(1), and (g)(1).

Since the partner of a partnership, pursuant to Title 26 U.S.C. §703(b), may elect to take the provisions of §901, and since the regulations under §962 state that term "corporation" as used in §901 refer to such shareholder, the provisions of revocation under 26 U.S.C. §936(e)(2)(B) are in effect for the partner as "U.S. shareholder".

As evidenced by the defendant's Freedom of Information Act responses from the I.R.S. enclosed in defendant's Motion for Summary Judgment as Exhibits B and C, defendant fulfilled the requirements of revocation pursuant to 26 U.S.C. §936(e)(2)(B) on or about July 20, 1990. No TC-150 Code (Virgin Island code) was entered for over 9

17

years, so no evidence of revenue from importing. Therefore, the government and its agency the Internal Revenue Service were without any jurisdiction over defendant from that time forward. The alleged tax assessments and the alleged tax liens within plaintiff's complaint were made without jurisdiction and so in violation of the law and defendant is lawfully entitled to summary judgment.

The government's feeble reasoning in part A of its response to defendant's motion for summary judgment simply cites the title of 26 U.S.C. §936 to be "Puerto Rico and possession tax credit" and then cites *MedChem (P.R.), Inc. v. Comm'r of Internal Revenue*, 295 F.3d 118 and Standard *Mfg. Co.Inc. v. Tax Comm'n of State of N.Y.*, 114 A.D. 2d 138 to support its position that this section only applies to corporations.

As long ago as *Stockdale v. The Insurance Companies*, 87 U.S. 323; 22 L.Ed. 348 (1874) it was held that taxes on dividends, whether or not distributed, were still taxes on the shareholder. Whatever laws affect the corporation can also affect the shareholders.

Citing the title of 26 U.S.C. §936 as "Puerto Rico and possession tax credit" in part A of the government's response amounts to the only nexus to the actual law involved in this case. As evidenced in part I.A. of this reply, 26 U.S.C. §7651 through §7655 comprise subchapter D, "Possessions", within chapter 78, "Discovery of liability and enforcement of title". Sections 7651 and 7652 are both implemented by Title 27 part 26 in the Parallel Table of Authorities. From Title 27 part 26.11 are the following definitions:

> Revenue Agent. Any duly authorized Commonwealth Internal Revenue Agent of the Department of the Treasury of Puerto Rico.
>
> Secretary. The Secretary of the Treasury of Puerto Rico.

As a matter of law, the government's position is without merit.

II.     <u>The Government's Response is Entirely Disingenuous</u>

Part B of the government's response tries to label defendant as a "tax protestor" and cites such arguments that have been proffered over the years that have absolutely nothing to do with defendant's unique situation.

As evidenced by the laws cited under part I.A. of this reply brief the jurisdiction of the internal revenue laws is within the exterior boundaries of the United States, in other words, the territories and possessions of the United States. The internal revenue laws are enforced the same as the customs laws - the collection of revenue on duties.

The very use of the term "tax protester" is an admission that the internal revenue laws are within the customs laws. From Title 19 U.S.C., "Customs duties" is this:

Section 1514. Protest against decisions of the Customs Service

This is from where the term "tax protester" originates. Also it is under subsection (a), "Finality of decisions; return of papers" where the designation of "return" is defined.

The government then brings up "tax protester" arguments that were never made by the defendant. The government claims that the defendant states that the United States is a private corporation. Defendant can find no such statement in his motion and supporting documentation. What difference would that make? The U.S.C. is basically law of commerce for corporations and shareholders, but it is not a reason to defend against the unlawful collection of federal taxes as in this case. The government states that defendant claims that the government is bankrupt. That is true and the law upholds that position since Title 26 U.S.C., "Bankruptcy", is implemented by Title 26 C.F.R., "Federal Elections". But again, what difference would that make as a reason to state that defendant has revoked pursuant to 26 U.S.C. §936(e)(2)(B)? And, as evidenced in part

I.A. above, a "U.S. citizen" is exemplified at 26 C.F.R. 25.2501-1(c).

Defendant succinctly and concisely evidenced within his motion for summary judgment, with its supporting documentation, that he had fulfilled the requirements of revocation pursuant to 26 U.S.C. §936(e)(2)(B).

None of the cases that the government cites have any relevance to the instant case since at no time did the plaintiff within any of those cases bring into evidence any of the actual underlying law that has been evidenced within this reply.

*Hatmann v. Comm'r of Internal Revenue,* 2006 WL 2506567, *Sauers v. Comm'r of Internal Revenue,* 771 F.2d 64, *Coleman v. Comm'r of Internal Revenue,* 791 F.2d 68, and *Crain v. Comm'r of Internal Revenue,* 737 F.2d 1417 are all distinguished from this case due to defendant's revocation pursuant to 26 U.S.C. §936(e)(2)(B). In addition, in none of the cases the government proffers as cited above did the plaintiff enter into evidence the definition of "U.S. citizen" as defined at 26 U.S.C. 2208, or 26 U.S.C. 2501(b), or as exemplified at 26 C.F.R. 25.2501-1(c). The definition of "taxpayer" at 26 C.F.R. 2.1-1(a)(5) was never entered into evidence by the plaintiff in any of the above cases cited by the government. The understanding that F.I.C.A. and self-employment taxes are possession taxes was never entered into evidence by the plaintiff in any of the above cases. Certainly the understanding of the agreement entered into by an American employer was never entered into evidence by the plaintiff in any of the above cases. The government's response is wholly without merit, totally frivolous, and irrelevant in its entirety.

III.   <u>Conclusion</u>

Accordingly, the defendant respectfully requests that this Court deny the government's motion for summary judgment since it was made in bad faith by failing to establish that the defendant had any involvement with the collection of revenue from importing within the internal revenue laws.  Further, the underlying complaint was brought without any jurisdiction for the same reason.  Defendant respectfully requests that this Court concurrently grant the defendant's motion for summary judgment.

Respectfully submitted,

Larry L. Stiler
565 Addison Street
Washington, Pennsylvania 15301
(724) 225-7926
Defendant, pro se'

Dated:  June 17, 2009
State of Pennsylvania
County of Washington

## PROOF OF SERVICE

I, **Larry L. Stuler**, do hereby certify that the foregoing DEFENDANT'S REPLY TO UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT with accompanying reply to United States' responsive concise statement in Civil Case # 08-273 have been caused to be served this 17th day of June, 2009, by placing a true and correct copy thereof in the United States mail, postage prepaid, addressed as follows:

(Certified Mail # 7006 2150 0001 5771 8842)

Mr. E. Christopher Lambert
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044

Larry L. Stuler, Defendant, pro se'
565 Addison Street
Washington, Pennsylvania 15301
(724) 225-7926