IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 08-273 |
| | ) | |
| LARRY L. STULER, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

BLOCH, District J.

Presently before the Court are the Motion for Summary
Judgment filed by the United States of America ("United States")
(Doc. #35) and the Motion for Summary Judgment filed by Larry Stuler
("Stuler") (Doc. #38).  For the reasons that follow, the United
States' Motion will be granted, and Stuler's Motion will be denied.

I. **BACKGROUND**

The United States filed this tax collection action against
Stuler[1] for the purpose of reducing to judgment unpaid tax
assessments made against Stuler for the taxable years 1994, 1995,
1996, 1997, 1998, 1999, 2000, and 2001, and to foreclose the Federal

---

[1] Washington County and the Pennsylvania Department of Revenue were
also named as defendants because each may claim an interest in the
real property at issue in this case. By Order dated August 11,
2008, the United States has already taken default judgment against
each of these defendants. See Docs #17 and 18.

1

tax liens against certain real property identified in paragraph 18 of the complaint. Stuler answered the complaint and raised a host of counterclaims against the United States regarding what he referred to as fraud due to lack of jurisdiction.[2] By order dated February 11, 2009, the Court granted the United States' Motion to Dismiss Stuler's counterclaims. See Doc. #25.

The United States now seeks judgment based on assessments for federal income taxes against Stuler, together with statutory additions, interest, and penalties in the total amount of $490,830.67. In addition, the United States seeks a judicial determination that it has valid and subsisting tax liens on all property and rights to property of Stuler, including his interest in the real property located at 565 Addison Street, Washington, Pennsylvania. The United States also seeks an order foreclosing the federal tax liens that arose upon the assessment of the taxes and directing that the property be sold at a judicial sale.

In his Motion for Summary Judgment, Stuler argues that the United States does not have jurisdiction over him because he believes that he has fulfilled the requirements of revocation set forth in 26 U.S.C. § 936 and that he is a "sovereign American."

---

[2] He set forth five counts, in which he alleged that, as part of this fraud, the United States falsely indicted, arraigned, tried, convicted, and imprisoned him in Case No. CR 01-135, extorted by levies over $500,000 from him since 2001, placed unjust liens against his property since 2001, and informed the Commonwealth of Pennsylvania and City of Washington that he has income subject to their respective revenue collection jurisdictions.

## II. **FACTUAL BACKGROUND**

The United States determined that Stuler failed to pay individual income taxes for the tax years from 1994 through 2001. Doc. #35, Declaration of Douglas H. Blynn, Jr. ("Blynn Decl.") ¶5. The United States made assessments against Stuler for these unpaid individual income taxes.  Blynn Decl. Ex. 101-108 (IRS Forms 4340, Certificates of Assessments and Payments, for the years 1994-2001). After receiving notices and demands for payment of these assessments, Stuler failed to pay the full amounts due and owing, and there remains due and owing to the United States the sum of $490,830.67, as of May 15, 2009, plus penalties, interest, and statutory additions accruing after that date.  Blynn Decl. ¶¶ 7, 8 and 9.

As part of its efforts to collect the outstanding tax liabilities, the United States filed and recorded  notices of federal tax lien against Stuler with the Washington County Prothonotary in accordance with Internal Revenue Regulation 301.6323(f)-1.  Blynn Decl. Ex.109-110.  The United States filed a notice of federal tax lien against Stuler with the Washington County Prothonotary on August 25, 2004 with respect to federal income taxes owed for the 1997 and 2000 tax years.  Blynn Decl. Ex. 109.   The United States filed a second notice of federal tax lien against Stuler with the Washington County Prothonotary, on September 8, 2004

3

with respect to federal income taxes owed for the 1994, 1995, 1996, 1998, 1999, and 2001 tax years.  Blynn Decl. Ex. 110.

By warranty deed dated October 25, 1985, Larry L. Stuler and his wife, Patti Joan Stuler, transferred certain unimproved real property located at 565 Addison Street, Washington, Pennsylvania to Larry L. Stuler and Patti Joan Stuler as tenants by the entireties. The real property is legally described as follows:

> ALL that certain lot of ground situate in the eighth Ward of the City of Washington, Washington County, Pennsylvania, being a portion of unnumbered lot in Block (T) in the West End Plan of Lots, said lot of ground being more particularly bounded and described as follows:
>
> BEGINNING at a point on the Northerly side of Addison Street, said POINT being located North 64 degrees East 125 feet from the intersection of the Northerly line of Addison Street with the Westerly line of Canton Avenue; thence North 25 degrees 47 feet West 150 feet to a point on the Southerly side of Hoge Alley;
>
> thence along the Southerly side of Hoge Alley, North 64 degrees East 98.93 feet to a stake; thence South 26 degrees East 150 feet to a point on the Northerly side of Addison Street and thence along the Northerly line of Addison Street, South 64 degrees West 99.50 feet to the  point at the place of the beginning.
>
> UNDER AND SUBJECT to the exceptions, reservations, and conditions which appear in prior instruments in the record chain of title.
>
> FOR SOURCE OF TITLE see Deed of Ernest D. Evans, Executor under Will of Freda M. Evans to Larry L. Stuler which Deed is dated September

4

> 1, 1983, and of record in the Washington County
> Recorder of Deeds' Office at Deed Book Volume
> 2122, page 404.
>
> There is no consideration for this
> conveyance. The purpose of this deed is to
> create a tenancy by the entireties.

Blynn Decl. Ex. 111.

On January 22, 2004, Patti Joan Stuler, the wife of Larry L. Stuler, died. Compl. ¶19 and Answer ¶19.

Under 26 U.S.C. §§ 6321 and 6322, tax liens corresponding to the tax assessments made against Stuler for the 1994, 1995, 1996, 1997, 1998, 1999, 2000, and 2001 tax years arose upon assessment, notice and demand for payment, and failure to pay, and attached to all of Stuler's property and rights to property including the real property described above. Blynn Decl. Ex. 101-108 and Ex. 111. Stuler owns and lives in the real property located at 565 Addison St., Washington, PA 15301. Answer ¶ 6 and Blynn Decl. Ex. 111.

### III. **APPLICABLE LEGAL STANDARD**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary

judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48. The summary judgment standard requires the issue to be genuine, that is, one where a reasonable jury, based on the evidence presented, could return a verdict for the nonmoving party with regard to that issue. See id. In addition, the disputed fact must be "material," meaning it might affect the outcome under the substantive law. See Boyle v. County of Allegheny, 139 F.3d 386,393 (3d Cir. 1998).

When deciding a motion for summary judgment, the Court must draw all inferences in a light most favorable to the non-moving party without weighing the evidence or questioning the witnesses' credibility. See id. The movant has the burden of demonstrating the absence of a genuine issue of material fact, while the non-movant must establish the existence of each element for which it bears the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant has pointed to sufficient evidence of record to demonstrate that no genuine issues of fact remain, the burden is on the non-movant to search the record and detail the material controverting the movant's position. See Schulz v. Celotex Corp., 942 F.2d 204, 210 (3d Cir. 1991). When an examination of the record as a whole reveals sufficient evidence for a rational trier of fact to return a verdict in favor of the non-movant, a genuine issue of material fact exists and summary judgment

should be denied.  See, e.g., Matsushita Elec. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The Court is mindful that Stuler is proceeding pro se. Pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Department of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999).  However, even a party proceeding pro se must be able to prove a "set of facts in support of his claim which would entitle him to relief."  Haines, 404 U.S. at 520-21 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## IV. DISCUSSION

### A. The United States' Motion for Summary Judgment

An assessment is the official recording of the Secretary of the Treasury's determination that a taxpayer owes particular taxes, including interest, additions to tax, and assessable penalties imposed by the Internal Revenue Code.  26 U.S.C §§ 6201, 6203.  Under Federal law, "assessment is a prescribed procedure for officially recording the fact and the amount of a taxpayer's administratively determined tax liability, with consequences somewhat similar to the reduction of a claim to judgment." Cohen v. Gross, 316 F.2d 521, 522-23 (3d Cir. 1963).   Federal tax liens arise automatically on the date of the assessment.  Once Federal tax liens arise, they "attach to all property and rights to property, whether real or personal" belonging to the taxpayer, and follow the

7

property through subsequent transfers until satisfied or barred by the statute of limitations. See 26 U.S.C. §§ 6321 and 6322; United States v. National Bank of Commerce, 472 U.S. 713, 719 (1985); United States v. Sullivan, 333 F.2d 100, 109 (3d Cir. 1964) (Federal tax lien arises when a person liable to pay any tax neglects or refused to pay the same after demand).

Pursuant to 26 U.S.C. § 7403(a), the United States can institute a civil action to enforce a lien in order "to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax."   The Court "shall ... adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property." § 7403(c). See generally United States v. Rodgers, 461 U.S. 677, 680-682 (1983); National Bank of Commerce, 472 U.S. at 720.   Thus, Section 7403 permits foreclosure of the federal tax liens on all property and rights to property of Stuler and the sale of the property to pay his tax liabilities.   Rodgers, 461 U.S. at 691-92.

The United States can establish a *prima facie* case in support of the tax liability charged in the complaint when it introduces into evidence the certified copies of the certificates of assessment.   Janis v. United States, 428 U.S. 433, 440 (1976); Freck v. Internal Revenue Service, 37 F.3d 986, 992 (3d Cir. 1994).   In addition, an affidavit filed with the Court, signed by an officer of the Internal Revenue Service, which details the defendant's total

8

tax liability, including interest and penalties, is entitled to a presumption of correctness. Psaty v. United States, 442 F.2d 1154, 1159 (3d Cir. 1971). The presumption is grounded in public policy, both furthering the goal of "requiring the taxpayer to meet certain bookkeeping obligations" and "recogniz[ing] that the taxpayer has more readily available to him the correct facts and figures." Id. at 1160. Once the *prima facie* case has been established, both the burden of production and the burden of persuasion rest on the taxpayer. Id. Specifically, "the taxpayer bears the ultimate burden of proving, by a preponderance of the evidence that [the Internal Revenue Service's] assessment is erroneous." Francisco v. United States, 267 F.3d 303, 319 (3d Cir. 2001) (quoting Sullivan v. United States, 618 F.2d 1001, 1008 (3d Cir. 1980)).

        Unless a defendant in a collection suit comes forward with evidence of an error in the computations, he cannot survive a motion for summary judgment. The United States made valid tax assessments against Stuler. On the dates of the assessments, Federal tax liens arose and attached to all property and rights to property, whether real or personal, belonging to him. These tax liens follow the property through subsequent transfers until satisfied or barred by the statute of limitations. Stuler has failed to produce any evidence to refute the facts set forth in Blynn's Declaration and the assessments attached thereto or to dispute the amounts due and owing. There are no genuine issues of material fact. The Court

9

will issue an appropriate Order reducing the tax assessments to judgment against Stuler and foreclosing the tax liens against the real property of Stuler.

## B. **Stuler's Motion for Summary Judgment**

In his motion for summary judgment, Stuler argues that the United States does not have jurisdiction over him because he somehow believes he has fulfilled the requirements of revocation pursuant to 26 U.S.C.§ 936(e)(2)(B).  Section 936 is entitled "Puerto Rico and possession tax credit."  26 U.S.C. §936.  The section permits a domestic corporation to elect to receive a possession tax credit against its tax liability.  26 U.S.C. §936(a)(1); see MedChem (P.R.), Inc. v. Comm'r of Internal Revenue, 295 F.3d 118, 119 (1st Cir. 2002).  Section 936 provides this tax credit for the purpose of stimulating investment in American possessions, such as Puerto Rico. Standard Mfg. Co. Inc. v. Tax Comm'n of State of N.Y., 114 A.D. 2d 138, 142 (1986).  Section 936(e)(2)(B) provides for the revocation of the initial election of credit made by the domestic corporation. See 26 C.F.R. §1.936-1.  The section has no relevance to this matter.  Stuler has selected a portion of the statute and then applied that portion completely out of context.

In addition, Stuler alleges generally that "the federal government has no authority of sovereign Americans."  Stuler then supports his assertion through various typical "tax protester" arguments claiming that the United States is a private corporation;

10

that the United States has been acting under Bankruptcy; that he is not a citizen of the United States; and other frivolous arguments. Courts have repeatedly rejected the types of "tax protester" arguments that Stuler raises as patently and objectively frivolous. Hatmann v. Comm'r of Internal Revenue, 2006 WL 2506567, *3 (3d Cir. 2006) (citing Sauers v. Comm'r of Internal Revenue, 771 F.2d 64, 66 and 69 n. 6 (3d Cir. 1985)); United States v. Connor, 898 F.2d 942, 943-44 (3d Cir. 1990); Coleman v. Comm'r of Internal Revenue, 791 F.2d 68, 72 (7th Cir. 1986); Crain v. Comm'r of Internal Revenue, 737 F.2d 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."). Stuler's motion will be denied.

**V. CONCLUSION**

Based on the foregoing, the United States' Motion for Summary Judgment is granted, and Stuler's Motion for Summary Judgment is denied.

An appropriate Order will be issued.

s/Alan N. Bloch
United States District Judge

Dated:    January 26, 2010

11

ecf:      Counsel of record

cc:       Larry L. Stuler
          565 Addison Street
          Washington, PA 15301
          (Forwarded certified mail, return receipt requested;
           and regular first class mail)