IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 08-273 |
| LARRY L. STULER, | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 4th day of May, 2010, upon consideration of Defendant's *pro se* "Rule 62(d) Motion for Stay of Proceedings Pending Appeal and Waiver of Supersedeas Bond" (document No. 83) filed in the above captioned matter on April 29, 2010,

IT IS HEREBY ORDERED that said Motion is DENIED.

While his appeal to the Third Circuit is pending, Defendant asks the Court to stay its Orders of January 26, 2010, which granted Plaintiff's Motion for Summary Judgment, denied Defendant's Motion for Summary Judgment and entered final judgment. See Document Nos. 54-56. He also seeks a waiver of the requirement to file a *supersedeas* bond.

Defendant argues that in the absence of a stay he will suffer "undue hardship." Furthermore, he argues that Plaintiff would not suffer any injury if the matter were stayed. He also asks the Court to waive the *supersedeas* bond requirement "as evidenced in his application to appeal in forma pauperis."

To determine whether Defendant is entitled to a stay pending appeal pursuant to F.R.C.P. 62(d), this Court must assess: (1) whether he

1

has made a strong showing that he is likely to succeed on the merits; (2) whether he will be irreparably injured absent the stay; (3) whether issuance of a stay will substantially injure another party; and (4) where the public interest lies. <u>Hilton v. Braunskill</u>, 481 U.S. 770, 776 (1987); <u>see also</u> <u>Bank of Nova Scotia v. Pemberton</u>, 964 F.Supp. 189, 190 (D.V.I. 1997). This Court may also have discretion to waive the bond requirement in "extraordinary circumstances" and only where alternative means of securing Plaintiff's interest are available. <u>Pemberton</u>, 964 F.Supp. at 192.

Defendant has failed to make a strong showing that he is likely to succeed on the merits. In addition, while he may well be irreparably injured in the absence of a stay, the other factors weigh against him. Plaintiff could be harmed if its interest in the judgment is unsecured during the appeal, and Defendant has failed to show how the public interest favors a stay. Morever, if the Court were to grant a stay pending an appeal, Defendant has shown no "extraordinary circumstances" for waiving the bond requirement, and he fails to show how alternative means would secure Plaintiff's interest.

                                                 <u>s/Alan N. Bloch</u>
                                            United States District Judge

ecf:     Counsel of record

cc:      Larry L. Stuler
          565 Addison Street
          Washington, PA 15301
          (Forwarded certified mail, return receipt requested;
           and regular first class mail)