IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 08-273 |
| LARRY L. STULER, | ) |
| Defendant. | ) |

## ORDER

AND NOW, this 21st day of November, 2019, upon consideration of Defendant Larry L. Stuler's pro se "F.R.Cv.P. Rule 60(b)(4) Motion to Vacate Orders of Court Due to Court's Failure to Notify Defendant of Order to Substitute Attorney for Plaintiff Causing Defendant to Be Prejudiced Because of Denial of Due Process" (Doc. No. 123), and brief in support thereof, filed in the above-captioned matter on August 24, 2018, IT IS HEREBY ORDERED that Defendant's Motion is DENIED.

In his motion and brief, Defendant asks the Court, pursuant to Federal Rule of Civil Procedure 60(b)(4), to vacate its orders entered on February 11, 2009 (Doc. No. 25), January 26, 2010 (Doc. Nos. 55 & 56), and January 25, 2018 (Doc. No. 98), arguing that the judgment in this case is void since the Court did not notify him that Department of Justice ("DOJ") attorney E. Christopher Lambert had been substituted for DOJ attorney Thomas J. Jaworski, on or after July 28, 2008, which denied him his due process rights.[1]

---

[1] Defendant also observes that additional changes in the government's representation were made in a similar manner at other times in this case. However, Defendant seems to largely rely on this first change in representation in July, 2008, as that is the date when Defendant contends the denial of his due process rights began. (Doc. No. 124 at 5).

1

The Court notes that the most recent order that Defendant seeks to have vacated, the Order of Sale entered on January 25, 2018, has in fact already been vacated by the Court. (Doc. No. 129). Therefore, to the extent Defendant seeks to have that order vacated, his motion is moot.

With regard to the other orders that Defendant seeks to have vacated, Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void." "When a judgment is void, it is 'one which, from its inception, was a complete nullity and without legal effect.'" In re Diet Drugs v. American Home Products Corp., 434 F. Supp. 2d 323, 333 (E.D. Pa. 2006) (quoting Raymark Indus., Inc. v. Lai, 973 F.2d 1125, 1132 (3d Cir. 1992)). The Court of Appeals for the Third Circuit has explained that a judgment may be voided on two grounds: "'(1) if the rendering court lacked subject matter jurisdiction or (2) if it acted in a manner inconsistent with due process of law.'" In re Diet Drugs, 434 F. Supp. 2d at 333 (quoting Constr. Drilling, Inc. v. Chusid, 131 Fed. Appx. 366, 372 (3d Cir. 2005)). While certain other subsections of Rule 60 are subject to a one-year filing requirement, a longer delay in bringing a 60(b)(4) motion may be permitted since "no passage of time can render a void judgment valid." United States v. One Toshiba Color Television, 213 F.3d 147, 157 (3d Cir. 2000).

Although Defendant previously filed a number of Rule 60(b) motions (some of which have been denied as frivolous) in the months following the judgment being entered in this case (Doc. Nos. 57, 59, 63, 67, 71, 75), his current motion to vacate pursuant to Rule 60(b) was not filed until August 24, 2018, well over 8 years after the Court had entered the first order that he

now seeks to have vacated. However, since Defendant alleges a violation of his due process rights under Rule 60(b)(4), the Court will not treat the motion as time-barred.

The Court notes at the outset that the argument presented by Defendant in his motion is somewhat unclear. Defendant claims, generally, that the Court's failure to notify him that the government's counsel had changed, from one attorney to another within the DOJ, early on in the case, "led to Defendant's being denied his right to be heard in court which is the essence of due process." (Doc. No. 124 at 14). More specifically, Defendant appears to argue that the government failed to comply with the local rules of court regarding changes in counsel, that the Court failed to notify him of changes in the government's representation, that Defendant then served the wrong government attorneys, that this caused the Court not to consider "Defendant's Notice to the Court of Prosecutorial Vindictiveness and Further Contumacious Behavior" (hereinafter "Notice," Doc. No. 97), that Defendant was therefore not fully heard in court, and that he was thus denied his due process rights. (Doc. No. 124 at 3, 6).

First, although Defendant relies on LCvR 83.2(C) of the Local Rules of the United States District Court for the Western District of Pennsylvania to argue that the attorney appearance and withdrawal process was not properly followed in this case, that rule does not expressly require that a party be given notice of an opposing party's change in counsel. Notably, the rule requires an attorney to file a motion to withdraw if that attorney wishes to withdraw his or her appearance, but it does not prohibit the Court itself from removing an attorney from a case, as was done here in 2008.[2]

---

[2] In its order denying the government's motion to compel, filed herewith, the Court more fully addresses Defendant's contention that the government's attorney substitutions failed to comply with the local rules.

Second, even if the local rules regarding attorney appearances and withdrawals had not been followed in this case, to the extent Defendant is arguing that the Court's failure to notify him of changes in the opposing party's representation somehow affected the Court's consideration of Defendant's Notice—because of which government attorneys were served—that simply did not happen. As the Court had access to, and has considered, all documents filed in this case—regardless of who Defendant served on the government's behalf—the Court has properly addressed the arguments Defendant raised in the notices and motions filed throughout the course of this litigation, including those contained in his Notice.

Moreover, although Defendant now appears to contend that his Notice should have been considered by the Court in ruling on the government's Motion for Order of Sale, that Notice was actually filed nearly 8 months after the briefing on such motion had ended, and it **expressly addressed the government's discovery requests that Defendant had just received, not the Motion for Order of Sale**. In fact, Defendant's Notice explicitly stated that it was filed "in response to the United States' requests for production of documents and the United States' interrogatories dated July 11, 2017." (Doc. No. 97 at 1). Further, examination of that Notice reveals that it clearly notified the Court of Defendant's intention not to respond to the discovery requests that the government had recently sent him in order to execute on the judgment in this case, and it provided a number of reasons why Defendant did not plan to comply with those requests.

Therefore, Defendant's Notice has in fact been considered by the Court—in its designated context—in denying the government's motion to compel Defendant to produce discovery responses, filed herewith.³ Thus, Defendant has not shown that he was denied due

---

³ Defendant also notes that, in its now-vacated order granting the government's Motion for Order of Sale, the Court did not address his Notice, but the Court did consider later government

4

process because the Court's failure to notify him of the government's change in counsel, which caused him to serve the wrong attorney on the government's behalf, resulted in the Court not "sitting in judicial review" of his Notice.

Finally, Defendant also claims in a related argument, albeit in a somewhat unclear manner, that his Notice explained how the government had actually acknowledged its failure to adhere to Local Rule 83.2(C)(4),[4] but that the Court did not address that Notice in its order granting the Motion for Order of Sale because Defendant had only served Mr. Jaworski, and not the government's later-substituted attorneys. (Doc. No. 124 at 6, 14-15). Defendant contends, here again, that the attorney substitution procedure operated to prejudice him by not allowing him to be heard in Court on this particular matter. (Doc. No. 124 at 3).

As explained, supra, Defendant's Notice expressly provided his response to the government's discovery requests, and the substance of that Notice is properly addressed in the Court's order denying the government's motion to compel, filed herewith. The Court did not improperly fail to consider that Notice when ruling on the Motion for Order of Sale because

---

correspondence. As explained, supra, the Court properly addresses Defendant's Notice in its order denying the government's motion to compel because Defendant identified that Notice as a response to the government's discovery requests. Whereas, the typographical corrections noted in the government's correspondence—which Defendant does not allege are incorrect, and which simply corrected the property's zip code and legal description, and did not address any substantive issues—were considered in relation to the now-vacated order of sale because that is the context in which those typos were relevant.

[4] Defendant appears to be referring here to the argument presented in his Notice that the government's discovery requests do not clearly refer to the judgment at issue, and that through this omission, the government is thereby acknowledging that it violated the local rules. The Court more fully addresses this argument in its order denying the government's motion to compel, but notes here that it is entirely unclear to the Court how the government's document requests acknowledge local rule violations, as Defendant alleges.

Defendant served one attorney rather than another; rather, the Court has considered all documents filed in this case in the context in which they were presented.[5]

Accordingly, Defendant has not shown that changes in representation among the government attorneys—within the DOJ, without notifying him—prevented him from being heard in Court and thereby denied him due process.

Moreover, the Court again emphasizes that Defendant's claims in this case, including his constitutional claims, have been previously considered by this Court and have been included in his arguments on appeal to the Court of Appeals for the Third Circuit. Defendant's most recent motion does not show that his due process rights were violated, and Defendant has thus failed to show that the Court's judgment is void.

s/ Alan N. Bloch
United States District Judge

ecf:    Counsel of Record

cc:    Larry L. Stuler
       1018 Fayette Street
       Washington, PA 15301

---

[5] As Defendant is stating that his due process rights were violated because he served the wrong counsel on behalf of the government in this case, it should be noted that the government made no objection to Defendant's service of his Notice, nor would the Court have looked favorably upon any such objection since the government merely made counsel changes among attorneys within the DOJ.