IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 08-273 |
| | ) |
| LARRY L. STULER, | ) |
| | ) |
| Defendant. | ) |

## ORDER

AND NOW, this 21st day of November, 2019, upon consideration of Defendant Larry L. Stuler's "Notice to the Court of Prosecutorial Vindictiveness and Further Contumacious Behavior" (Doc. No. 97, hereinafter "Notice to the Court"), filed in the above-captioned matter on August 8, 2017; Plaintiff "United States' Motion to Compel Judgment Debtor Larry Stuler to Produce Post-Judgment Discovery Responses" (Doc. No. 103, hereinafter "Motion to Compel"), and brief in support thereof, filed in the above-captioned matter on April 5, 2018; "Defendant's Response to the United States' Motion to Compel Pursuant to Court Order of April 19, 2018" (Doc. No. 113), filed in the above-captioned matter on May 21, 2018; and the "United States' Reply to Defendant's Response to United States' Motion to Compel" (Doc. No. 114), filed in the above-captioned matter on June 1, 2018;

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel is DENIED.

On January 26, 2010, the Court ordered that final judgment be entered in favor of the government and against Defendant in the amount of $490,830.67. (Doc. No. 55). The parties have informed the Court that, in July 2017, the government served Defendant with certain post-

judgment discovery requests, including interrogatories and document requests. In response, Defendant filed his Notice to the Court, in which he notified the Court of his intention not to comply with those discovery requests. In its Motion to Compel, the government asks the Court, pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iii) and (iv), to compel Defendant to respond to its discovery requests, which it says were properly filed pursuant to Federal Rules of Civil Procedure 33, 34, and 69.

At the outset, the Court notes that Rule 69 of the Federal Rules of Civil Procedure permits a judgment creditor to seek discovery from a judgment debtor in "aid of the judgment or execution." Defendant contends in his Notice to the Court and in his response to the government's Motion to Compel, however, that the government's requests here are facially invalid, and that, based on this invalidity, he does not intend to respond to them. Further, Defendant explains that, because the requests are facially invalid, "it doesn't matter of what the actual documents requested for production consist or of what the interrogatories consist." (Doc. No. 97 at 4). Thus, Defendant states that he only addresses the actual discovery requests in order to prove his point claiming harassment and vindictiveness. (Doc. No. 97 at 4).

In support of his claim that the discovery requests as a whole are invalid, Defendant contends that the procedure used to substitute the government attorneys in this case did not comply with LCvR 83.2(C) of the Local Rules of the United States District Court for the Western District of Pennsylvania, regarding attorney appearances and withdrawals of appearance.[1] Defendant further argues that this failure to comply with that local rule violated his "due process rights and has worked to prejudice [him] since July 28, 2008." (Doc. No. 97 at 3).

---

[1] The issue of attorney substitution is also addressed in the Court's order denying Defendant's most recent motion to vacate, filed herewith.

The Court notes that Defendant—in response to the government's Motion for Order of Sale—previously made related arguments alleging that the government had failed to comply with LCvR 83.2 in substituting its counsel, and that Defendant sought an award of sanctions for such alleged violations. (Doc. No. 94). At that time, the Court considered Defendant's objections to the government's changes in its representation, but found that Defendant had provided no explanation as to how he had been unfairly prejudiced by the government's oversight in failing to enter an appearance for a new attorney before that attorney filed a motion in the case.[2] (Doc. No. 98 at 2-3).

Here, Defendant again contends that he has been prejudiced, and he further claims that he has been denied his right to due process, because the government failed to follow the local rules regarding Department of Justice ("DOJ") attorney substitutions. Specifically, Defendant complains that the government filed notices of appearance when new DOJ attorneys were assigned to his case, and that attorney substitutions were then made without previously assigned DOJ attorneys filing motions to withdraw, which Defendant alleges violated LCvR 83.2(C).

First, the Court notes that LCvR 83.2(C) does not require an attorney to file a motion to withdraw before a new attorney may be added to a case. Instead, the rule states that "no separate praecipe for appearance need be filed by an attorney for an original party" because "names of attorneys appearing on the first pleading or motion filed by a party shall constitute the entry of appearance of such attorneys," but that "[a]ppearance by other attorneys shall be by praecipe filed with the Clerk of Court." LCvR 83.2(C)(3). Accordingly, the government attorneys here filed either a Notice of Appearance or a Notice of Substitution of Counsel in order to enter their

---

[2] The Court also found in its order granting the government's Motion for Order of Sale that the Office of the Clerk of Court had not overstepped its bounds when a later attorney substitution was made because it was the Court itself that made that substitution.

appearances on behalf of the government. (Doc. Nos. 8, 95, 107). Furthermore, while LCvR 83.2(C)(4) provides a procedure for attorneys to use for withdrawals of appearance, that rule does not require an attorney to file a motion to withdraw before a new attorney may be added to a case, nor does the rule prevent the Court itself from terminating an attorney's representation.

Second, even if the Court were to determine that the government attorneys did not strictly follow the procedure provided in the local rules, the Court of Appeals for the Third Circuit has held, as previously explained in the Court's Order of January 25, 2018, that district courts are generally permitted to waive requirements of their local rules in appropriate circumstances, including where a court has a sound rationale for doing so, and where so doing does not unfairly prejudice a party who has relied on the local rule to his detriment. (Doc. No. 98 at 2).

Just as when Defendant objected to the government's attorney substitutions in his response to the Motion for Order of Sale, Defendant has here again failed to explain how he was prejudiced by the substitution of the opposing party's counsel—which consisted of simply exchanging one DOJ attorney for another—nor is any such prejudice otherwise apparent to the Court. Accordingly, the Court does not find that the government's discovery requests are invalid because the attorney substitution procedure constituted a violation of Defendant's due process rights that so prejudiced Defendant as to render the judgment in this case void.

Defendant also asserts in his Notice to the Court that the government's discovery requests indicate prosecutorial vindictiveness because, having full knowledge of the evidence showing that Defendant's right to due process had been violated because of the attorney substitution procedure that was used, the government attempted "to rely on some unspecified judgment rendered against Defendant in this case." (Doc. No. 97 at 3). More specifically, Defendant contends that the government's discovery requests fail to identify the judgment that forms the

appearances on behalf of the government. (Doc. Nos. 8, 95, 107). Furthermore, while LCvR 83.2(C)(4) provides a procedure for attorneys to use for withdrawals of appearance, that rule does not require an attorney to file a motion to withdraw before a new attorney may be added to a case, nor does the rule prevent the Court itself from terminating an attorney's representation.

Second, even if the Court were to determine that the government attorneys did not strictly follow the procedure provided in the local rules, the Court of Appeals for the Third Circuit has held, as previously explained in the Court's Order of January 25, 2018, that district courts are generally permitted to waive requirements of their local rules in appropriate circumstances, including where a court has a sound rationale for doing so, and where so doing does not unfairly prejudice a party who has relied on the local rule to his detriment. (Doc. No. 98 at 2).

Just as when Defendant objected to the government's attorney substitutions in his response to the Motion for Order of Sale, Defendant has here again failed to explain how he was prejudiced by the substitution of the opposing party's counsel—which consisted of simply exchanging one DOJ attorney for another—nor is any such prejudice otherwise apparent to the Court. Accordingly, the Court does not find that the government's discovery requests are invalid because the attorney substitution procedure constituted a violation of Defendant's due process rights that so prejudiced Defendant as to render the judgment in this case void.

Defendant also asserts in his Notice to the Court that the government's discovery requests indicate prosecutorial vindictiveness because, having full knowledge of the evidence showing that Defendant's right to due process had been violated because of the attorney substitution procedure that was used, the government attempted "to rely on some unspecified judgment rendered against Defendant in this case." (Doc. No. 97 at 3). More specifically, Defendant contends that the government's discovery requests fail to identify the judgment that forms the

basis for such requests, either by date or by docket number.  Defendant states that this failure to include the judgment's date or docket number is evidence of the government "knowing full well that any judgment entered against Defendant without due process is null and void." (Doc. No. 97 at 3).

Additionally, Defendant notes that the government failed to serve him with an original and two copies of the discovery requests, as is required by LCvR 33 and LCvr 34, and that the documents were printed in a double-sided format, in violation of LCvR 5.1.  Defendant states that the government's failure to comply with these local rules of form is "further evidence that the plaintiff knew full well that the unidentified judgment in question was invalid since Defendant's right to due process had been violated." (Doc. No. 97 at 4).

First, the Court does not agree with Defendant's contention that the government tried "to rely on some unspecified judgment rendered against Defendant" in serving its discovery requests.  The Court notes that the document requests and interrogatories served upon Defendant contain the correct caption for this case, and that there is in fact one judgment entered in this case. (Doc. Nos. 97-3 at 2; 97-4 at 2).  Moreover, the cover letter accompanying the government's discovery requests includes this case's name and docket number, and it specifically explains, "Enclosed are both the United States' Interrogatories and Requests for Production of Documents **that are served in connection with the judgment entered against you in the above-referenced case**." (Doc. No. 97-2 at 2 (emphasis added)).  Thus, the Court finds that it is disingenuous for Defendant, having been provided with such information, to argue that the judgment referred to in the government's discovery requests is "unspecified" or "unidentified."

5

Moreover, it is in no way evident to the Court that the fact that the government did not include the docket number or filing date of the order entering judgment in this case constitutes evidence that the government knew the judgment is invalid. Likewise, the fact that the government printed its discovery requests in a double-sided format (and may have failed to send the correct number of copies to Defendant) does not show to the Court that the government knew the judgment in this case is invalid, thus evidencing prosecutorial vindictiveness.[3]

Therefore, the Court finds that Defendant's arguments that the government's discovery requests are invalid overall, and thus do not require any response or substantive objections, are without merit. However, while the Court finds that the government's discovery requests are not improper per se, it will not at this time rule on the appropriateness of the specific requests made by the government. Instead, the Court will also give Defendant the benefit of the doubt as he is acting pro se, and will therefore provide Defendant with an additional opportunity and an extended period of time in which to respond to the substance of the individual discovery requests that have been made.

Accordingly, the government's Motion for Order to Compel Discovery Responses is hereby denied.

---

[3] The Court notes that Defendant also lists a few additional objections to the manner in which documents were filed in this case. The Court will not address each of these minor errors in form, but emphasizes that Defendant has not shown how they have operated to prejudice him in the course of this litigation.

Additionally, Defendant brings up, yet again, an objection to his counterclaim having been dismissed early on in this case. Defendant stresses that the "heart and soul" of these proceedings "comes down to how the government can claim sovereignty over Defendant." (Doc. No. 113 at 5). The Court declines to address this issue again at this juncture, and notes only that the issue has been previously ruled on and has been brought up by Defendant at the appellate level as well.

Additionally, Defendant shall file a response to the government's discovery requests, including any specific objections he has to answering the interrogatories or producing the documents requested therein, within sixty (60) days.

s/ Alan N. Bloch<br>United States District Judge

ecf:   Counsel of Record

cc:    Larry L. Stuler
       1018 Fayette Street
       Washington, PA  15301