IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
| )                                   | |
| Plaintiff,           ) | |
| )                                   | |
| v.                                  ) | Civil No. 08-273 |
| )                                   | |
| LARRY L. STULER,                    ) | |
| )                                   | |
| Defendant.           ) | |
| )                                   | |

## ORDER

AND NOW, this 1st day of July, 2020, upon consideration of Defendant Larry L. Stuler's pro se "Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Cv. P. 12(h)(3)" (Doc. No. 132), and brief in support thereof, filed in the above-captioned matter on January 17, 2020, and the government's response in opposition thereto, filed in the above-captioned matter on January 31, 2020, IT IS HEREBY ORDERED that Defendant's Motion is DENIED.

At the outset, the Court notes that Defendant asks the Court to dismiss the complaint in this action pursuant to Federal Rule of Civil Procedure 12(h)(3), arguing that the Court lacks subject matter jurisdiction. Judgment, however, was entered in this case over ten (10) years ago. Nevertheless, Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void." Further, the Court of Appeals for the Third Circuit has explained that a judgment may be voided "'if the rendering court lacked subject matter jurisdiction.'" In re Diet Drugs Prods. Liab. Litig. v. American Home Prods. Corp., 434 F. Supp. 2d 323, 333 (E.D.

Pa. 2006) (quoting <u>Constr. Drilling, Inc. v. Chusid</u>, 131 Fed. Appx. 366, 372 (3d Cir. 2005)). Therefore, taking into consideration Defendant's <u>pro se</u> status, the Court will more properly construe Defendant's motion to dismiss pursuant to Rule 12(h)(3) as a motion for relief from a judgment pursuant to Federal Rule of Civil Procedure 60(b).

Specifically, Defendant contends in his motion and accompanying brief that his birth certificate is void and that he therefore is not a "U.S. Citizen" subject to the jurisdiction of the federal government and its tax laws, but, rather, that he is a "sovereign American" outside the jurisdiction of the federal government. The Court notes that Defendant has previously asserted that he is a "sovereign American" who is not subject to the tax laws of the United States, and this Court has rejected such arguments. <u>See</u> Doc. No. 5 (Defendant's counterclaims, which were dismissed by the Court, and which decision was affirmed by the Third Circuit); Doc. No. 40 (Defendant's brief in support of his motion for summary judgment, which was denied by the Court).

In this most recent motion, Defendant now asserts that his birth certificate (the admissibility of which his attorney stipulated to when it was introduced into evidence at trial, <u>see</u> Doc. No. 133, at 9), is actually void and he is therefore not a U.S. citizen who is subject to U.S. tax laws. The Court finds, however, that this contention is merely a slight twist on similar "tax protester" arguments asserting that Defendant is not subject to U.S. tax laws (Doc. Nos. 57, 58, 59, 60, 63, 64, 67, 68)—arguments which this Court has previously considered and rejected (Doc. No. 62, 66, 70). Defendant has offered nothing more than this meritless contention in support of his latest motion, and the Court is not required to repeatedly evaluate arguments that it has already considered. <u>See</u> <u>Gordon v. Monoson</u>, 239 Fed. Appx. 710, 714 (3d Cir. 2007).

The Court emphasizes, once again, that Defendant's claims in this case, including his constitutional claims, have previously been considered by this Court and have been included in his arguments on appeal to the Third Circuit.  Moreover, the Court notes that Defendant has filed a number of Rule 60(b) motions (including some that have been denied as frivolous) in the months following judgment being entered in this case (Doc. Nos. 57, 59, 63, 67, 71, 75).  Quite simply, Defendant's most recent motion does not show that the Court did not have subject matter jurisdiction in this matter, and Defendant has thus failed to show that the Court's judgment is void.  Accordingly, Defendant's motion is denied.

s/ Alan N. Bloch  
United States District Judge

ecf: Counsel of Record

cc: Larry L. Stuler  
   1018 Fayette Street  
   Washington, PA  15301